IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, (S.A.T.), AN INDIVIDUAL, §<br>Plaintiff, §<br>§<br>v. §<br>§<br>ESA P PORTFOLIO TXNC §<br>PROPERTIES L.P.; ESA P §<br>PORTFOLIO LLC; ESA P §<br>PORTFOLIO OPERATING LESSEE §<br>LLC; ESA P PORTFOLIO MD TRUST; §<br>ESH STRATEGIES BRANDING LLC; §<br>ESH HOSPITALITY HOLDINGS LLC; §<br>ESH HOSPITALITY INC.; and §<br>EXTENDED STAY LLC, §<br>Defendants. § | | A-24-CV-642-RP |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Defendants ESA P Portfolio TXNC Properties L.P., ESA P Portfolio LLC, ESA P Portfolio Operating Lessee LLC, ESA P Portfolio MD Trust, ESH Strategies Branding LLC, ESH Hospitality Holdings LLC, ESH Hospitality Inc., and Extended Stay LLC's (collectively, "Defendants") Rule 12(b)(6) Motion to Dismiss and Brief in Support (Dkt. 12) and all related briefing.[1] After considering the parties' briefing and applicable law, the court now recommends the following.

---

[1] The motion and related briefing were referred to the undersigned for a Report and Recommendation by United States District Judge, Robert Pitman, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated Oct. 18, 2024.

1

I. **BACKGROUND**[2]

Plaintiff Jane Doe ("S.A.T.") filed this lawsuit seeking redress for having been trafficked at Defendants' hotels. Dkt. 1. S.A.T. brings beneficiary liability and perpetrator liability claims against Defendants under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581, *et seq.* Dkt. 1 at 21–22. She also seeks to hold Defendants jointly and severally liable and toll the statute of limitations on all her claims. *Id.* at 21; Dkt. 17 at 18–20. S.A.T. alleges she was trafficked continuously from January 2009 through January 2015 and trafficked at Defendants' properties from January 2010 to August 31, 2014. Dkt. 1 at 5. She alleges that she engaged in numerous commercial sex acts "through force and coercion by her trafficker." *Id.* This exploitation repeatedly occurred at two Extended Stay America Brand ("ESA") locations—the Austin ESA Hotel and the Arlington ESA Hotel.[3] *Id.* at 6.

Defendants moved to dismiss S.A.T.'s claims, arguing that she failed to state any TVPRA claims against them; her allegations exceed the statute of limitations; and her claims against three Defendants are insufficient. Dkt. 12. S.A.T. filed a response to the motion, Dkt. 17, and Defendants replied, Dkt. 23.

II. **STANDARD OF REVIEW**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim

---

[2] At this stage of the litigation, all well-pleaded facts are taken as true.
[3] The "Austin ESA Hotel" is located at 6300 E US Hwy 290, Austin, Texas 78723, and the "Arlington ESA Hotel" is located at 1221 N. Watson Road, Arlington, Texas 76006.

2

showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555–57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id*. In sum, a "plaintiff must plead enough facts to nudge the claims across the line from conceivable to plausible." *Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (internal quotation marks, brackets, and ellipses omitted) (quoting *Iqbal*, 556 U.S. at 680).

**III.    ANALYSIS**

The TVPRA defines sex trafficking and includes both a criminal provision and a civil penalty. 18 U.S.C. §§ 1591, 1595. The statute defines sex trafficking as:

> Whoever knowingly—
> (1) in or affecting interstate or foreign commerce, or within the . . . jurisdiction of the United States . . . harbors, . . . maintains, . . . or solicits by any means a person; or
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). The civil penalty states that:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever *knowingly benefits*, or attempts or conspires to benefit, *financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter*) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a) (emphasis added). These sections describe two possible civil liabilities under the TVPRA—perpetrator liability and beneficiary liability, respectively.

Perpetrator liability applies to whoever knowingly "harbors, . . . maintains, . . . or solicits by any means a person . . . to engage in a commercial sex act" or "knowingly benefits . . . from participation in a venture which has engaged in an act described in violation of paragraph (1)." 18 U.S.C. § 1591(a). Beneficiary liability applies to whoever "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a).

Both beneficiary[4] and perpetrator[5] liability require the plaintiff to plead that they were a survivor of a sex trafficking venture—"a victim of a violation of this chapter." 18 U.S.C. § 1595(a). S.A.T. alleges that she "was trafficked through force and coercion by her trafficker to engage in numerous commercial sex acts." Dkt. 1 at 5. This is the only statement made regarding a violation of the TVPRA as to S.A.T. in the entire Complaint. *See* Dkt. 1. S.A.T. pleads no factual allegations that support her conclusory statement that *she* is a sex trafficking survivor. Such labels and conclusions fail to satisfy Rule 8. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57. Because S.A.T. has failed to plead any facts that support her claim that she is a sex trafficking survivor, the undersigned does not reach Defendants' additional arguments.

## IV.   LEAVE TO AMEND

S.A.T. requested leave to amend in her response to Defendants' Motion to Dismiss should the court find that she has failed to plausibly plead any element of her claims. Dkt. 17 at 20. The undersigned recommends that dismissal of S.A.T.'s claims be without prejudice and S.A.T. be allowed to amend her Complaint to address any deficiencies.

---

[4] To state a claim for beneficiary liability under § 1595(a) of the TVPRA, a plaintiff must allege that the defendants: (1) knowingly benefited; (2) from participating in a venture; (3) that violated the TVPRA; and (4) the defendants knew or should have known that the venture violated the TVPRA 18 U.S.C. § 1595(a); *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 553 (7th Cir. 2023).

[5] There are two ways to state a claim for perpetrator liability under the TVPRA. First, a plaintiff must demonstrate that the defendant: (1) violated 18 U.S.C. § 1591(a)(1) by knowingly harboring, maintaining, or soliciting the plaintiff; and (2) knew or acted in reckless disregard of the fact that force, threats of force, fraud, or coercion would be used to cause the plaintiff to engage in a commercial sex act. 18 U.S.C. § 1591(a); *Harris v. Henry*, 2022 WL 16825200, at *5 (W.D. Tex. 2022). Second, a plaintiff can plead sufficient facts to show the defendant "knowingly benefited from a criminal venture engaged in one of those acts." *Doe (S.A.S.) v. ESA P Portfolio LLC*, No. 3:23-CV-06038-TMC, 2024 WL 3276417, at *9 (W.D. Wash. July 2, 2024). Under this second theory—the criminal venture theory—a plaintiff must show that a defendant derived a benefit from "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)." 18 U.S.C. §1591(e)(4). Furthermore, a civil perpetrator liability claim imports the criminal mens rea requirement of actual knowledge of sex trafficking by force or fraud. *Doe (L.M.) v. 42 Hotel Raleigh, LLC*, 717 F. Supp. 3d 464, 473. (E.D.N.C. 2024).

## V. RECOMMENDATIONS

For the reasons stated above, the court **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. 12) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED January 21, 2025.

Mark Lane
United States Magistrate Judge